UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| WALTER K. PERKINS, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 08-CV-50033 |
| | ) | |
| v. | ) | Honorable Charles P. Kocoras |
| | ) | |
| RICHARD W. SCHMITT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT HOWARD C. RYAN'S MOTION TO DISMISS PURSUANT TO 12(b)(1) and (6) AND SUPPORTING MEMORANDUM

Now comes Defendant, the Honorable Howard C. Ryan, Jr. ("Judge Ryan"), by and through Lisa Madigan, Attorney General of Illinois, and pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure moves this Honorable Court to dismiss the claims against him. In further support thereof, Judge Ryan states as follows.

### I.  INTRODUCTION

On March 7, 2008, Plaintiffs filed suit against Judge Ryan (captioned as "Chris H. Ryan") and fourteen other Defendants seeking $999,999,999.99 in damages. Compl. at 1. Defendant Ryan is a Judge on the Thirteenth Judicial Circuit Court.[1] The only conceivable connection Judge Ryan has with Plaintiffs' lawsuit is that he was the presiding Judge of Plaintiff's criminal case. The Court should grant Judge Ryan's motion to dismiss because, as a Judge, he is entitled to absolute judicial immunity in this matter.

---

[1] The Defendant respectfully moves this Court to take judicial notice of his position as a Judge on the Thirteenth Circuit. *See, e.g.,* State of Illinois Administrative Office of the Illinois Courts, *Circuit Court Judges*, April 17, 2008, available at http://www.state.il.us/court/CircuitCourt/CircuitCourtJudges/Judges.asp#13th.

1

Additionally, because Judge Ryan is not referenced anywhere in the Complaint other than in the caption, this Court should grant his motion to dismiss for failure to state a claim.

## II.     ARGUMENT

### A.     Judge Ryan Is Entitled to Absolute Judicial Immunity -- 12(b)(1).

Judge Ryan presided over Plaintiff Keith Perkins' criminal trial in LaSalle County, Illinois.[2] Consequently, Plaintiffs' claims against Defendant Ryan must be dismissed as he is entitled to absolute judicial immunity. It is a fundamental principle that judges are entitled to absolute immunity from damages for their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988). If a judge errs through inadvertence or otherwise, a party's remedy is through appellate process. *Lowe v. Letsinger*, 772 F.2d at 308, 311 (7th Cir. 1985).

The doctrine of judicial immunity has been embraced "for centuries." *Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985). Judicial immunity was recognized at common law "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error" and to "protect judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225, 108 S.Ct. 538; *see also Bradley v. Fisher*, 80 U.S. 335, 347 (1872).

A judge will not be deprived of immunity because the action taken was in error, was done maliciously, or was in excess of his authority; rather, liability exists only when the judge has acted in the clear absence of all jurisdiction. *Sipka*, 761 F.Supp. 761, 765,

---

[2] Defendant Ryan respectfully moves the Court to take judicial notice of this fact in light of the certified copy of Plaintiff's criminal case docket. *See* Exhibit A. Judge Ryan's initials ("HCR") are listed throughout the criminal docket under the "JDG" or "Judge" column of this document.

2

*citing Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Three factors govern the determination of whether a particular act or acts are entitled to judicial immunity: (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge.  *Lowe,* 772 F.2d at 312.

"[I]mmunity is overcome in only two sets of circumstances."  *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity."  *Id.* (internal citation omitted).  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Id.* (citation omitted).  A judge "will be subject to liability *only when* he has acted in the *clear absence of all jurisdiction." Stump v. Sparkman,* 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (internal quotation omitted; emphasis added).  "What matters for [judicial] immunity is subject-matter jurisdiction."  *Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir. 1995) (citing *Stump*), which "must be construed broadly where the issue is the immunity of the judge."  *Stump,* 4335 U.S. at 356-57.

Here, the exceptions to judicial immunity do not apply.  First, the conduct at issue clearly arises from a series of judicial acts (namely, Judge Ryan was the presiding Judge over Plaintiff's criminal trial).  Plaintiffs' alleged harm results solely and directly from Judge Ryan's rulings on motions and orders entered in that case — functions normally performed by a judge, and to the expectations of the parties.  *See, e.g., Davis v. City of Chicago,* No. 00C 4432, 2001 WL 467932, *4 (N.D. Ill. 2001) ("A judge's decision in a

3

case before him or her is considered a judicial action"). Second, as a presiding judge, Judge Ryan clearly had jurisdiction over the Plaintiffs. *See* Ill. Const. Art. VI § 9 (Illinois "Circuit Courts shall have original jurisdiction of all justiciable matters…"). There is nothing in Plaintiffs' Complaint to suggest that Judge Ryan acted in the clear absence of all jurisdiction such that he would be subjected to liability. Thus, this suit for damages cannot be entertained. *Heldstab v. Liska*, 911 F.2d 736 (7th Cir. 1990), cert. denied, 498 U.S. 1090, 111 S.Ct. 971 (1991), *citing Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), cert. denied, 494 U.S. 1085 (1990). If the Plaintiff has a perceived dispute regarding his criminal trial with Judge Ryan, his sole remedy was to file an appeal. *Lowe,* 772 F.2d at 311. Therefore, the instant Complaint must be dismissed with prejudice as to Judge Ryan.

In *Mannix v. Machnik,* 244 Fed.Appx. 37 (7th Cir 2007)(non-precedential opinion), the Seventh Circuit recently addressed the issue of judicial immunity in a substantially similar case against a state court judge stemming from a divorce proceeding. While the plaintiff in *Mannix* sought primarily injunctive relief under Section 1983, the court held that to the extent she was also seeking monetary relief, "state judges have absolute immunity with respect to damages." *Id.*, *Citing Pulliam v. Allen,* 466 U.S. 522 (1984). Therefore, since Judge Ryan is immune from suit in this matter, the Court should grant Defendant's Motion to Dismiss.

    **B. Judge Ryan Should Be Dismissed As a Defendant Because The Complaint Fails to State a Claim Against Him -- 12(b)(6).**

This Court should also dismiss Judge Ryan from the case because Plaintiffs have failed to assert any cognizable claim against him. "A motion under Rule 12(b)(6)

4

challenges the sufficiency of the complaint, and dismissal of an action under this rule is warranted only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007) (quotation citation omitted).  Under the notice pleading regime of the Federal Rules of Civil Procedure, the plaintiffs' complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*., citing Fed.R.Civ.P. 8(a)(2).  Courts construing this rule have held that a "short and plain statement" exists when the complaint pleads a "bare minimum [of] facts necessary to put the defendant on notice of the claim so that he can file an answer." *Id.*, quoting *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002).  Indeed, with such a liberal pleading standard, "[a]ll the complaint need do to withstand a motion to dismiss for failure to state a claim is outline or adumbrate a violation of the statute or constitutional provision upon which the plaintiff relies and connect the violation to the named defendants." *Id.*, quoting *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir.1992).

   Here, Plaintiffs fail to outline a violation of a statute or constitutional provision to properly place his Complaint within this Court's jurisdiction.  More importantly, Plaintiffs fail to "connect the violation" to Judge Ryan.  *Id.*  There is no allegation connecting either Plaintiff Keith Perkins or his wife Susan Perkins to Judge Ryan in their alleged land dispute.  Page two of Plaintiffs' Complaint is nothing more than a laundry-list of disparate legal theories intermixed with various adjectives, verbs, and nouns.  *See* Compl. at 2 ("False Charges, Arrest, Diress [*sic*], Trespassing, Contempt, lieing [*sic*] Under Oath, Taking Away Constitutiona [*sic*] Rights, Violating Civil Rights, Incompetence, Mental Cruelty, Harassment, Stalking, Violating Oath of Office,

5

Copyrights, Destroying Private Property, Takan [*sic*] land Without Due Process, Extortion"). Plaintiffs offer nothing beyond this list to assert their claim against Judge Ryan. There is no "bare minimal [of] facts necessary to put the defendant[s] on notice of the claim so that [they] can file an answer." *Christensen,* 483 F.3d at 458. To state a claim against Judge Ryan, more is needed. *Id.* at 458-59.

What Plaintiffs' Complaint does assert is the narrative of an alleged land dispute they are having with Defendant Schmitt and others. After this dispute arose, Plaintiff claims he was arrested on "four felonies for criminal trespassing and criminal damages to government property." Compl. at 1. Plaintiffs also allege that "[t]here was no such law for this arrest but they kept us under duress and [*sic*] is still going on to this day." *Id.* The only conceivable connection Judge Ryan has to these allegations is that he was the Judge presiding over Plaintiff's criminal trial. As argued previously, Judge Ryan is absolutely immune from any action stemming from that litigation. *See* Section A, *supra*.

Even if he was not immune, Judge Ryan should still be dismissed from this suit because Plaintiffs fail to meet their burden of pleading a case or controversy under the U.S. Constitution.

6

### III.    CONCLUSION

This Court lacks subject matter jurisdiction over Defendant Howard C. Ryan, Jr. because Plaintiffs fail to establish a case or controversy as required by Article III of the Constitution of the United States.  Additionally, the Court should dismiss Defendant Ryan from this case because he is absolutely immune from suit as a sitting Judge.

Respectfully,

LISA MADIGAN
Attorney General of Illinois

 /s/ Ronald A. Rascia
RONALD A. RASCIA
MARK W. BINA
Assistant Attorneys General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-3000

7