080239.12

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Walter Keith Perkins and Susan P. Perkins,<br><br>  Plaintiffs,<br><br>  v.<br><br>Richard W. Schmitt, a/k/a Richard Schmidt, Robert Fulwider, Randy Hooper, Ronald Marconi, Ernest Brown, Greg Sticke, Thomas Templeton, Joseph Hettel Donald Lamps, Daniel Schmidt, Mary McDade, Chris Ryan (Howard C. Ryan, Jr.), Gary Garretson, John V. Hanson and Tom Lytton,<br><br>  Defendants. | No.  08 C 50033<br><br>Honorable Charles P. Kocoras,<br>Judge Presiding |

## DEFENDANT JOHN V. HANSON'S MOTION TO DISMISS

Defendant, John V. Hanson, by his attorneys, John J. Duffy, Bryan J. Kirsch and Donohue Brown Mathewson & Smyth LLC, moves to dismiss plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

1. Plaintiffs Walter and Susan Perkins have filed a *pro se* amended complaint against numerous defendants. Plaintiffs list, but do not plead, causes of action for the following:

    a. Title 18 U.S.C. §241 Conspiracy Against Rights;
    b. Title 18 U.S.C. §242 Deprivation of Rights Under Color of Law;
    c. Title 18 U.S.C. §245 Federally Protected Activities
    d. Title 42 U.S.C. §3631 Criminal Interference With Right to Fair Housing
    e. Title 42 U.S.C. §14141 Pattern and Practice
    f. Title 42 U.S.C. §1997 False Arrest and Fabrication of Evidence

(Plaintiffs' amended complaint, a copy of which is attached hereto as Exhibit "A"). Plaintiffs do not set out any legal or factual basis as to why each claim would apply or to whom such claims apply.

2.    Plaintiffs' complaint provides no factual information as to the basis for bringing a complaint, nor do they once mention or refer to this defendant, John V. Hanson.

3.    It is unknown to defendant Hanson, what allegations or causes of action plaintiffs seek to bring against him and it is further unclear as to what statutory or constitutional provisions plaintiffs utilize to seek their intended relief. As such, plaintiffs' complaint must be dismissed for failure to state a proper cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

4.    It is generally held that a pro se litigant is given more deference in filing a complaint, so he does not lose out on a good claim simply because he has not complied with the legal requirements of filing a complaint. Haines v. Kerner, 404 U.S. 519 (1972). "But this principle does not relieve litigants from the need to take those steps required to present and preserve their claims." Korsunskiy v. Gonzales, 461 F. 3d 847, 850 (7th Cir. 2006). "We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).

5.    In this case, plaintiffs' amended complaint not only lacks a proper statement of jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1), but the allegations set forth are simply insufficient as to state any cause of action against this defendant. While Hanson recognizes that this Court should grant some leeway to plaintiffs as pro se litigants, the complaint as it stands is void of any factual information and lacks any reference to Hanson, let alone an indicia of the alleged causes of action brought against him. In fact, plaintiffs' complaint is even more barren than their original pleading, which this Court previously dismissed due to its failure to state a cause of action.

(A copy of plaintiffs' original complaint is attached hereto as Exhibit "B").  The plaintiffs' complaint is deficient as a matter of law and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  And given that this is the second opportunity provided to plaintiffs to attempt to state a cause of action, this defendant seeks dismissal of plaintiffs' amended complaint with prejudice.

WHEREFORE, the Defendant, John V. Hanson, respectfully requests that this Honorable Court enter an Order dismissing plaintiffs' complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

>Respectfully submitted,
>
>JOHN V. HANSON
>
>s/ John J. Duffy
>John J. Duffy (john.duffy@dbmslaw.com)
>DONOHUE BROWN MATHEWSON & SMYTH LLC
>140 South Dearborn Street, Suite 800
>Chicago, IL  60603
>Telephone:   (312) 422-0900
>Facsimile:     (312) 422-0909

John J. Duffy (ARDC No. 6224834)
Bryan J. Kirsch (ARDC No. 6277793)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:   (312) 422-0900
Facsimile:     (312) 422-0909