IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER KEITH PERKINS and SUSAN P. PERKINS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. 08 C 50033 |
| JOEPH P. HETTEL, et al. | ) ) ) |
| Defendants. | ) |

**REPLY OF DEFENDANTS JOSEPH P. HETTEL, THOMAS J. TEMPLETON, DONALD J. LAMPS, RONALD MARCONI AND GREG C. STICKE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Defendants have filed a motion to dismiss plaintiffs' Complaint because it fails to set forth facts to establish any of the elements of any claim that could ultimately result in relief being granted to plaintiffs. Plaintiffs have filed a response entitled "Motion to Deny Dismissal," which argues that defendants' motion should be denied because all of the defendants have put plaintiffs in a "very bad financial situation." The "Motion to Deny Dismissal" argues that various plaintiffs suffered cancellation of Medicare benefits and incurred doctor bills, and that plaintiffs were threatened with contempt of court, presumably for failing to comply with a court order. The "Motion to Deny Dismissal" proclaims that justice would not be served if defendants were dismissed.

Although *pro se* complaints must be given liberal construction, even a *pro se* litigant must meet the minimal standards of federal court pleading. Holsey v. Collins, 90 F.R.D.. 122 (D. Md. 1981). Plaintiffs' *pro se* Complaint contained no facts - - none. The facts, if they could be characterized as such, stated in the "Motion to Deny Dismissal" cannot be imported into the Complaint to cure a deficiency. Reece v. Tucker, 1992 WL 86064 (N.D. Ill.) Nevertheless, even

if the "Motion to Deny Dismissal" was incorporated in its entirety into the Complaint, doing so would not cure the deficiency in the Complaint. Even a *pro se* plaintiff must allege facts showing the personal involvement of each defendant. Wilson v. Civil Town of Clayton, 839 F.2d 375 (7th Cir. 1988). Neither the Complaint nor the "Motion to Deny Dismissal" do so. Moreover, neither state any of the specific actions performed by any of the defendants, or how those actions impacted plaintiffs.

Plaintiffs have also filed what they call a "Motion to Amend Foremost Complaints." That motion should be denied. A major factor in determining whether a motion to amend a complaint should be granted is whether the amendment would cure the deficiencies found in the pleading to be amended. Perkins v. Silverstein, 939 F.2d 463 (7th Cir. 1991). The proposed amended complaint fails to do so. It again recites generalities but does not in any way specify which defendant is accused of performing what wrongful act, the dates of such acts, and the particular plaintiff injured by any specific act. As a result, defendants' Motion to Dismiss should be granted.

Respectfully submitted,

By: /s/ Thomas G. DiCianni
　　　Thomas G. DiCianni
　　　tdicianni@ancelglink.com

Thomas G. DiCianni
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

\\agdom1\files\Users\SMonroe\1. TGD\Perkins2\Reply-MTD.doc/1446185.0000

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 7, 2008, I electronically filed the foregoing Reply Of Defendants Joseph P. Hettel, Thomas J. Templeton, Donald J. Lamps, Ronald Marconi And Greg C. Sticke To Plaintiff's Response To Defendants' Motion To Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| John J. Duffy<br>Bryan J. Kirsch<br>Donohue, Brown, Mathewson & Smyth<br>140 South Dearborn<br>Suite 700<br>Chicago, Illinois 60603<br>(312) 422-0900<br>john.duffy@dmbslaw.com<br>bryan.kirsch@dmbslaw.com | Ronald A. Rascia<br>Assistant Attorney General<br>100 West Randolph, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-3647<br>rrascia@atg.state.il.us |
| Thomas J. Long<br>Norton, Mancini & Weiler<br>109 North Hale Street<br>P.O. Box 846<br>Wheaton, Illinois 60189-0846<br>(630) 668-9440<br>sjacobsen@nortonmancini.com | Joshua M. Feagans<br>Troy A. Lundquist<br>Langhenry, Gillen, Lundquist & Johnson<br>29 South LaSalle, Suite 720<br>Chicago, Illinois 60603<br>(312) 704-6700<br>jfeagans@lglfirm.com<br>tlundquist@lglfirm.com |

I further certify that a true and correct copy of the foregoing Reply Of Defendants Joseph P. Hettel, Thomas J. Templeton, Donald J. Lamps, Ronald Marconi And Greg C. Sticke To Plaintiff's Response To Defendants' Motion To Dismiss was sent, via U.S. First Class Mail, proper postage prepaid, to:

Walter and Susan Perkins
2591 East 23 50th Road
Marseilles, Illinois 61341

                                                          /s/ Thomas G. DiCianni
                                                          tdicianni@ancelglink.com