## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50033 | **DATE** | August 27, 2008 |
| **CASE TITLE** | Perkins et al vs. Schmitt et al | | |

**DOCKET ENTRY TEXT**

Defendants Gary Garretson, John Hanson, Joseph Hettel, Thomas Templeton, Donald Lamps, Ronald Marconi, Greg Sticke, Robert Fulwider, Richard Schmitt, Randy Hooper and Ernest Brown's motions [38] [41] [46] [47] [52] to dismiss are granted. All of plaintiffs' motions are denied. Plaintiffs' Second Amended Complaint will not be considered. Plaintiffs to take nothing. All matters in controversy having been resolved, final judgment is entered in favor of all defendants and against all plaintiffs.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

### ORDER

This matter comes before the court on the motions of Defendants Gary Garretson, John Hanson, Joseph Hettel, Thomas Templeton, Donald Lamps, Ronald Marconi, Greg Sticke, Robert Fulwider, Richard Schmitt, Randy Hooper, and Ernest Brown to dismiss *pro se* Plaintiffs Walter Perkins and Susan Perkins' First Amended Complaint pursuant to Rules 8 and 12(b) of the Federal Rule of Civil Procedure.

Plaintiffs filed suit against Defendants on March 7, 2008. After finding Plaintiffs' complaint to be incomprehensible, we dismissed it and gave Plaintiffs the opportunity to file an amended complaint that would cure the deficiencies of the original complaint.

On June 12, Plaintiffs filed their First Amended Complaint, which states only the following:

Cause of Action
Title 18, U.S.C., Section 241 Conspiracy Against Rights
Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law
Title 18, U.S.C., Section 245 Federally Protected Activities
Title 42, U.S.C., Section 3631 Criminal Interference with Right to Fair Housing
Title 42, U.S.C., Section 14141 Pattern and Practice
Under Title 42, U.S.C., Section 1997 False arrest and fabrication of evidence

This bare-bones complaint does not cure the deficiencies of the original complaint. Like the original Complaint, it does not provide: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ.

**ORDER**

P. 8. It also fails to put Defendants on notice of the grounds upon which Plaintiffs' claims rest. These deficiencies exist even if we construe Plaintiffs' First Amended Complaint liberally and in a light most favorable to Plaintiffs. As a result, Defendants' motions are granted and Plaintiffs' claims are dismissed.

Furthermore, we note that while Defendants' motions to dismiss were still pending, Plaintiffs filed a Second Amended Complaint, without first obtaining the court's permission or Defendants' consent, that included new factual grounds as well as additional causes of action against Defendants. It was improper for Plaintiffs to file such an amended complaint without first obtaining the court's permission or Defendants' consent. *See* Fed. R. Civ. P. 15. Given the fact that Plaintiffs have already been given an opportunity to file an amended complaint and the fact that, like Plaintiffs' original complaint, the proposed Second Amended Complaint is incomprehensible, Plaintiffs' Second Amended Complaint will not be considered.

Dated:   August 27, 2008

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Court Judge**